70 F.3d 1277
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
The E.J. BARTELLS COMPANY, a Washington corporation,
Plaintiff-Appellant, Cross-Appellee,
v.
SOUTHWEST MARINE INCORPORATED, a California corporation,
Defendant-Appellee, Cross-Appellant.
 Nos. 94-35855, 94-36006.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 14, 1995.
Decided Nov. 30, 1995.
 
 Before: BROWNING, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Southwest Marine, Inc. appeals from the district court's judgment following an adverse jury verdict in favor of The E.J. Bartells Co. We have jurisdiction, 28 U.S.C. Sec. 1291, and we affirm in part and reverse in part.
 
 
 3
 * Southwest contends that the district court abused its discretion by permitting Mr. Hainline's expert testimony because it failed the threshold requirements of Fed.R.Evid. 702 in that it was not "scientific, technical, or other specialized knowledge," and even if it was, it would not "assist the trier of fact."
 
 
 4
 We disagree. There exists an area of specialized knowledge involving the identification, evaluation, and quantification of construction work delays and disruptions, about which testimony would assist the jury in this case. Mr. Hainline's witness statement confirms that he is qualified to testify as an expert in this area of specialized knowledge. He has 32 years of experience in the construction industry, and has prepared and analyzed claims resulting from schedule and work disruptions for numerous construction projects. We therefore conclude that the district court correctly determined that Mr. Hainline's proposed expert testimony satisfied Rule 702.
 
 II
 
 5
 Southwest next contends that Mr. Hainline's expert opinion testimony and accompanying exhibits were inadmissible because they were based on unreliable hearsay. We disagree.
 
 
 6
 Rule 703 of the Federal Rules of Evidence permits an expert to base his or her opinion on inadmissible evidence, including hearsay, if such evidence is "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject...." Fed.R.Evid. 703. We agree with the district court's conclusion that the data and other information relied on by Mr. Hainline to form his opinions satisfied Rule 703. Accordingly, the court properly admitted his opinion testimony.
 
 
 7
 The district court also did not abuse its discretion by admitting Mr. Hainline's hearsay exhibits. "Rule 703 permits the admission of otherwise inadmissible evidence upon which an expert properly relies for the purpose of explaining the basis of the expert's opinion." Hudspeth v. Commissioner, 914 F.2d 1207, 1215 (9th Cir.1990). And, moreover, the court properly instructed the jury that they should consider the exhibits solely as the bases for the expert opinions and not as substantive evidence. United States v. Sims, 514 F.2d 147, 149-50 (9th Cir.1975).[1]
 
 III
 
 8
 Southwest next argues that the district court erred in awarding prejudgment interest because the exact amount of damages was neither ascertained nor readily ascertainable. Southwest also argues, in the alternative, that if prejudgment interest is proper here, the appropriate interest rate is the federal rate of 5.49%, rather than the 9% rate specified by an Oregon statute. We disagree.
 
 
 9
 The amount of damages is readily ascertainable when it is "ascertainable by simple computation or by reference to generally recognized standards such as market price, and ... [t]he fact that the amount owed was not finally ascertained until issues of fact had been resolved does not preclude a claim for prejudgment interest." Parsons v. Henry, 672 P.2d 717, 721 (Or.1983). Here, although the exact amount of Bartells's damages was unknown until after the jury's verdict, the damages were "readily ascertainable" because they were the fair market value of labor and materials less the amount Bartells already had been paid on the contract.
 
 
 10
 Southwest's challenge to the district court's use of the Oregon state interest rate of 9% also is without merit. A federal court sitting in a diversity case must apply state prejudgment interest rules. James B. Lansing Sound, Inc. v. National Union Fire Ins. Co., 801 F.2d 1560, 1569 (9th Cir.1986), amended, 981 F.2d 1549 (1992). This requires that the court look to state law to determine the applicable rate for calculating the prejudgment interest. Northrop Corp. v. Triad Int'l Mktg., S.A., 842 F.2d 1154, 1155 (9th Cir.1988). Here, the court properly applied the 9% rate found in ORS 82.010(1)(c), because the contract between the parties did not specify a different rate.
 
 IV
 
 11
 Southwest next argues that the district court erred by not awarding the attorney's fees incurred for its successful challenge to personal jurisdiction in Washington. This time, we agree.
 
 
 12
 Washington's long-arm statute, RCW Sec. 4.28.185(5), authorizes an award of reasonable attorney fees when a foreign defendant, sued under the statute, obtains a dismissal for want of personal jurisdiction. Scott Fetzer Co. v. Weeks, 786 P.2d 265, 275 (Wash.1990). The Washington court transferred the case to the Oregon court pursuant to 28 U.S.C. Sec. 1631, which by its terms applies only when the court "finds that there is a want of jurisdiction." We therefore conclude that the Oregon court committed clear error in its factual finding to the contrary, and thus abused its discretion by refusing to award reasonable attorney's fees to Southwest. Accordingly, we remand for a calculation of those fees.
 
 
 13
 Each side shall bear its own costs on this appeal; we decline to award Bartells its attorney's fees on this appeal because we do not agree that Southwest's appeal is frivolous.
 
 
 14
 AFFIRMED in PART; REVERSED and REMANDED in PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we conclude that the district court properly admitted the exhibits under Rule 703, we do not address Southwest's argument that the exhibits were inadmissible under Rule 1006